IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES R. COWART, #L5075                                                                PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 5:05cv123DCB-JCS

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal of this cause. The plaintiff, James R. Cowart, an inmate at the Wilkenson County Correctional Facility, Woodville, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983 and is requesting injunctive and monetary relief.  The defendants are the Mississippi Department of Corrections, Corrections Corporation of America, Inc., Christopher Epps, Dean Epps, Dolan Waller, and Tracey Arbuthnot.

Background

The plaintiff states that while housed at the Mississippi State Penitentiary, his life was in danger and he requested to be placed in protective custody. The plaintiff further states that his request was granted, and he was placed in protective custody from April 15, 2004, to May 26, 2005. However, the plaintiff claims that he was not aware that by having his classification changed to that of protective custody, he would loose his status as a trusty, and therefore no longer earn good-time credit during that time.  The plaintiff is requesting that his sentence be credited with the 417 days of MET that plaintiff allegedly should have received while housed in protective custody, and that the Court award him compensatory damages for the cost of litigation as well as any other damages the Court may deem necessary.

Analysis

As required by Haines v. Kerner, 404 U.S. 519 (1972), this Court has liberally construed plaintiff's allegations and has reached the following conclusion.  Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994).  "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact."  Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991).  See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  Id.   Since the plaintiff was granted in forma pauperis

status, Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.  Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166 (5th Cir. 1994) citing Johnson v. Pfeiffer, 821 F.2d 1120, 1123 (5th Cir. 1987).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  Id.

The plaintiff's claim that he should receive credit for 417 days of MET, if proven, could result in the plaintiff receiving an early release from incarceration.  Hence, this Court has determined that the plaintiff must first pursue this cause by filing a petition for habeas relief.  However, since the plaintiff must pursue this matter through habeas corpus, the plaintiff is first required to exhaust his available state remedies prior to filing a petition for habeas relief in this Court.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).   Since the plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Therefore this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

It appears that under these circumstances the plaintiff has an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1, et seq., as amended.  Once he has exhausted his available state remedies, and if he does not receive the

requested relief, the plaintiff may then file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.

## Conclusion

Liberally construing this complaint, it appears that the plaintiff is putting into issue the fact and/or duration of his confinement. Therefore, the Court finds that the plaintiff's complaint should be dismissed with prejudice, for the plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Furthermore, the plaintiff is required to exhaust his available state remedies before he may file a petition for habeas corpus relief in this Court.

A final judgment in accordance with this opinion shall issue this date.

This the 14th day of June, 2006.

          S/DAVID BRAMLETTE
          UNITED STATES DISTRICT JUDGE